[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to Practice Book § 155, Suffolk Construction Company, Inc. (hereinafter "Suffolk") has filed a Motion to Strike Semac Electrical Contractors' (hereinafter "Semac") special defense. Suffolk claims Semac's special defense is not a valid special defense because Connecticut General Statutes § 52-572k does not apply to the indemnification agreement between Suffolk and Semac in this case.
On or about April 15, 1992, Semac entered into a contract with Suffolk, whereby Semac was to perform electrical work as a subcontractor at the Educational and Recreational Facility, Mason Youth Institute located in Cheshire, Connecticut, for which work Suffolk was the general contractor.
On or about February 14, 1994, Raymond C. Estell alleged an injury when he tripped and fell over an electrical wire in front of a doorway of a room he was entering, sustaining injuries to his elbow. At the time of his injury, Estell was employed by Fire CT Page 1755 Systems, Inc., as a Field Service Engineer.
On or about May 3, 1996, Fire Systems, Inc. filed a two-count revised complaint naming Semac and Suffolk as defendants. Count one is directed against Semac. It alleges that Semac failed to recognize the dangers of leaving electrical wiring in front of doorways, failed to inspect and remedy such dangerous conditions, and failed to ensure that proper safety precautions were taken. Count two is direct at Suffolk. It alleges that Suffolk was negligent in failing to maintain proper control over the work site.
On or about April 11, 1997, Suffolk filed an amended answer to the Fire Systems complaint. In its amended answer, Suffolk added a cross-complaint against Semac alleging that if the allegations of Fire System's complaint are true, then pursuant to the terms of the Agreement between Suffolk and Semac, Suffolk is entitled to indemnification from Semac for any and all liability it may have to the plaintiff together with the costs and expenses, including attorneys fees, incurred in connection with the defense of this matter.
On or about November 11, 1997, Semac filed and Answer and Special Defense to Suffolk's cross-claim. Semac's special defense states that [t]he cross-complaint by Suffolk against Semac is barred by Connecticut General Statutes § 52-572k because the indemnification agreement between Semac and Suffolk is void as against public policy.
Connecticut General Statutes § 52-572k applies to construction contracts that seek to indemnify or hold harmless general contractors as against subcontractors for liability or damages arising out of or resulting from the sole negligence of the general contractor.
The indemnification provision in the agreement between Suffolk and Semac states:
 8.8 Indemnification. The subcontractor shall indemnify and hold harmless the Contractor, Owner, Architect, their respective agents, officers, employees and partners (hereinafter collectively "Indemnitees") from and against all claims, damages, losses, expenses (including, but not, limited to attorneys fees), liabilities, interest. Judgments which (i) are attributable to injury, sickness, disease or death or to injury or to destruction CT Page 1756 or damage to property (other than the work itself), including loss of the use therefrom and (ii) are caused in whole or in part by any default or negligent act or omission of the Subcontractor, any subcontractor or anyone directly or indirectly employed by any of them or anyone for whose acts of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder.
This court reads this provision as an agreement between Suffolk (the general contractor) and Semac (the subcontractor) in which the subcontractor agrees to indemnify the contractor for claims for injuries which are caused (wholly or partially) by a negligent act of the subcontractor without regard to whether or not the injury is caused in part by the contractor's negligence. This provision is not the type prohibited by Conn. General Statutes § 52-572k.
Semac's special defense alleging that the indemnification agreement between it and Suffolk is void as against public policy is not a proper defense in this action.
The Motion to Strike the special defense is granted.
O'KEEFE, J.